IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02110-BNB

BEYENE ZELALEM,

    Plaintiff,

v.

G.E.O GROUP INC., and
H.S.A (HEALTH SERVICES ADMINISTRATION),

    Defendant.

## ORDER OF DISMISSAL

    Plaintiff, Beyene Zelalem, is a detainee who currently is held at the Aurora Detention Facility in Aurora, Colorado. Plaintiff, appearing *pro se*, filed a Prisoner Complaint alleging his constitutional rights have been violated (ECF No. 8). Mr. Zelalem has been granted leave to proceed *in forma pauperis* (ECF No. 11).

    The court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the court should not be an advocate for a *pro se* litigant. *See Id.* For the reasons stated below, the Complaint and the action

will be dismissed.

In the Complaint, Plaintiff asserts two claims against Defendant G.E.O. Group Inc. and H.S.A. (Health Services Administration) pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). Defendant G.E.O. Group Inc. is a private, for-profit corporation that operates the Aurora Detention Facility, which houses detainees on behalf of U.S. Immigration and Customs Enforcement (ICE).  Defendant is under contract with ICE to provide the secure care, custody, and control of detainees, as well as provide medical services.  Mr. Zelalem specifically alleges that he was denied adequate medical treatment while detained at the facility run by Defendant because Defendant failed for more than six months to provide Plaintiff with oxygen for his sleep apnea.  Plaintiff further claims that he never received the recommended sleep and CPAP consultations.

In the Complaint, Plaintiff names G.E.O. Group Inc. and H.S.A. (Health Services Administration) as the only defendants.  As a corporate entity, G.E.O. Group Inc. is not amenable to suit under *Bivens*.  In *Bivens,* the Supreme Court recognized an implied private cause of action for damages against individual federal officers for a violation of certain constitutional rights.  *Bivens,* 403 U.S. at 397.  Specifically, "plaintiffs may sue federal officials in their individual capacities for damages for [constitutional] violations, even in the absence of an express statutory cause of action analogous to 42 U.S.C. § 1983."  *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70-71 (2001).  The Supreme Court, however, declined to extend a constitutional tort remedy directly against a federal agency or against a private corporation acting under color of federal law.  *See FDIC v. Meyer*, 510 U.S. 471, 472 (1994) (finding no cause of action directly

against federal agency under *Bivens*); *Malesko,* 534 U.S. at 61 (finding no cause of action directly against private corporation operating correctional centers and facilities). Reluctant to extend *Bivens* liability "to any new context or new category of defendants," the Supreme Court held that *Bivens* provides no implied private right of action for damages against private entities engaged in alleged constitutional violations while acting under color of federal law.  *Malesko,* 534 U.S. at 68, 70.  Accordingly, the only proper defendant in a *Bivens* action is a federal officer or agent, not a private corporation.

    Moreover, Mr. Zelalem's attempt to sue employees of Defendant G.E.O. Group Inc. in a federal *Bivens* action also is barred.  *See Peoples v. CCA Detention Centers,* 422 F.3d 1090, 1101 (10th Cir. 2005).  In *Peoples*, the Tenth Circuit found that there was no implied private right of action for damages under *Bivens* against employees of a corporation for alleged constitutional deprivations when alternative state or federal causes of action for damages were available to the plaintiff*. Peoples,* 422 F.3d at 1103. Accordingly, Plaintiff has not presented a factual basis that establishes a cause of action against G.E.O. Group Inc. or its employees under *Bivens* or 28 U.S.C. § 1331. Colorado law, on the other hand, provides a remedy in state court against private tortfeasors for actions amounting to negligence.  *Peoples*, 422 F.3d at 1105.

    The same analysis applies to Mr. Zelalem's attempt to sue H.S.A. as a separate defendant from G.E.O. Group Inc. because Plaintiff alleges that H.S.A is a contractor, not a federal official.  Therefore, H.S.A also is not a proper defendant in a *Bivens* action. *See e.g., Malesko,* 534 U.S. at 70-71 (plaintiff may sue federal officials in their individual capacities for damages for constitutional violations*).*

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Zelalem files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Complaint and Action are dismissed without prejudice.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  Mr. Zelalem may file a motion in the Tenth Circuit.

DATED at Denver, Colorado, this  25th  day of    October   , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

4